UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Joe Roger Chestnut, | ) | Crim. No.: | 4:14-cr-00293-RBH-1 |
| --- | --- | --- | --- |
| | ) | Civ. No.: | 4:15-cv-04304-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

This matter is before the Court on Petitioner Joe Roger Chestnut's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 91. The Court denies the motion for the reasons herein.[1]

**Background**

On May 7, 2014, Petitioner was charged in a three-count indictment with (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and (e) ("Count One"), (2) possession with intent to distribute a quantity of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C) ("Count Two"), and (3) using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Three"). *See* ECF No. 2. Petitioner's charges arose from a traffic stop during which police officers arrested Petitioner (a passenger) and Brittany Rouse (the driver) and transported them to jail, where officers discovered multiple bags of cocaine and crack cocaine in Petitioner's clothing.[2] *See* ECF No.

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

[2] Rouse was also named in the indictment. *See* ECF No. 2.

1

74 at ¶¶ 7–14.

On September 8, 2014, Petitioner, represented by attorney William F. Nettles IV ("plea counsel"), pled guilty pursuant to a written plea agreement to the lesser-included offense in Count Two of the indictment. *See* ECF Nos. 59, 61, & 62. In the plea agreement, Petitioner and the Government stipulated to a sentence of 150 months' imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C). *See id.* at ¶ 13. On November 20, 2014, the Court accepted the Rule 11(c)(1)(C) stipulation and sentenced Petitioner to 150 months' imprisonment followed by three years' supervised release. *See* ECF Nos. 68 & 70. Judgment was entered the next day, *see* ECF No. 70, and Petitioner did not file a direct appeal.

On October 18, 2015,[3] Petitioner filed the instant § 2255 motion and a supporting memorandum. *See* ECF Nos. 91 & 91-1. Thereafter, plea counsel filed an affidavit addressing his representation of Petitioner, and the Government filed a response in opposition and a motion for summary judgment. *See* ECF Nos. 99, 101, & 102. The Court issued a *Roseboro*[4] order, and Petitioner filed a response in opposition to the motion for summary judgment. *See* ECF Nos. 103 & 111.

**Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255,

---

3   Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

4   *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party,

3

with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## **Discussion**

Petitioner asserts four grounds for relief in his § 2255 motion, all of which allege ineffective assistance of counsel.[5] The Court must review claims of ineffective assistance of counsel under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness." *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* Thus, "[w]hen ineffective assistance claims are based on the failure to raise, develop, or properly present an underlying claim, an examination of the merits of the underlying claim

---

[5] Petitioner sets forth the four grounds in the memorandum attached to his § 2255 motion. *See* ECF No. 91-1. Several of Petitioner's grounds are overlapping, and therefore the Court addresses them together where necessary. Additionally, the Court notes the facts underlying each ground are interspersed with various legal summaries, and the Court has carefully studied each ground to identify Petitioner's actual claims.

will frequently be dispositive of the ineffective assistance claim." *Orbe v. True*, 233 F. Supp. 2d 749, 765 (E.D. Va. 2002), *aff'd*, 82 F. App'x 802 (4th Cir. 2003). "If the underlying claim is meritless, counsel's failure to pursue it can be neither unreasonable nor prejudicial, and no further inquiry is necessary." *Id.*

In Ground One, Petitioner alleges plea counsel was ineffective for failing to investigate (a) "witnesses in the arrest report" (including the police officers who participated in the traffic stop) and (b) "the statement from Brittany Rouse" (Petitioner's codefendant).[6] *See* ECF No. 91-1 at pp. 5–12. However, Petitioner admitted to his conduct as read into the record during his guilty plea, *see* ECF No. 74 at ¶ 18, and he has not demonstrated that an investigation of the witnesses would have yielded a result different from that which his plea counsel believed at the time of the plea. In fact, plea counsel had separate evidence—a dash camera video—of the events that occurred during the traffic stop. *See* ECF No. 99 at p. 2. Moreover, plea counsel had prepared a motion to sever before Petitioner pled guilty, and this motion clearly indicates plea counsel was familiar with Rouse's statement and the identity of the officers mentioned in the arrest report. *See* ECF No. 99-1 (dated May 12, 2014). Notably, plea counsel could not have interviewed Rouse—a codefendant represented by a lawyer who did not plead guilty until the same time Petitioner did—without obtaining the consent of Rouse's lawyer or an order from the Court. *See* Rule 4.2, RPC, Rule 407, SCACR.[7] Petitioner has not satisfied either *Strickland* prong regarding the above claims.

In Grounds One and Two, Petitioner claims plea counsel was ineffective for failing to

---

[6] Petitioner has submitted a copy of the arrest report and Rouse's statement. *See* ECF Nos. 91-2 & 91-3.

[7] The District of South Carolina has adopted the South Carolina Rules of Professional Conduct as its Code of Professional Responsibility for attorneys practicing in this Court. *See* Local Civ. Rule 83.I.08, RDE Rule IV(B) (D.S.C.).

5

investigate and challenge the indictment. *See* ECF No. 91-1 at pp. 5–8, 12–13, 16–30. Petitioner appears to argue the indictment was "defective" because it was not consistent with the arrest report. *See id.* However, the arrest report had nothing to do with the sufficiency of the indictment—which obviously was returned by a federal grand jury, not the police officers who arrested him—and there is no indication that the indictment was defective. *See Hamling v. United States*, 418 U.S. 87, 117 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."); *Falconer v. United States*, 2007 WL 4333841, at *6 (D. Md. Dec. 7, 2007) ("A reasonable attorney would not object to an indictment that specifies the charges against his client and explains the factual bases to meet each element of the charges."). Petitioner has failed to establish that plea counsel was deficient for not challenging the indictment or that he was prejudiced as a result.

In Ground Three, Petitioner alleges plea counsel was ineffective for failing to notify the Court that the Government's case was "based on FRAUD" in violation of 18 U.S.C. § 1001.[8,9] *See* ECF No. 91-1 at pp. 30–38. This claim is patently meritless, and therefore Petitioner fails to satisfy the *Strickland* test. *See Rodriguez v. Bush*, 842 F.3d 343, 346 (4th Cir. 2016) ("A defendant is not prejudiced if his counsel fails to make an objection that is wholly meritless . . . ." (internal quotation marks omitted)); *Orbe*, 233 F. Supp. 2d at 765 ("If the underlying claim is meritless, counsel's failure to pursue it can be neither unreasonable nor prejudicial, and no further inquiry is necessary.").

---

[8] Petitioner asserts the Government relied on various documents (including the arrest report, Rouse's statement, the indictment, and the lab report) that were false and fraudulent. *See* ECF No. 91-1 at p. 31.

[9] Title 18 U.S.C. § 1001 codifies "the criminal prohibition of a false statement made to a Government official." *United States v. Alvarez*, 567 U.S. 709, 720 (2012).

6

Finally, in Grounds One and Four, Petitioner claims plea counsel was ineffective for failing to investigate the lab report prepared by the South Carolina Law Enforcement Division and failing to challenge the quantity of drugs attributed to Petitioner in that report.[10] *See* ECF No. 91-1 at pp. 5–8, 13–16, 38–47. Petitioner argues the quantity of drugs specified in the lab report "cannot support the factual basis for a guilty plea, or the quantity alleged in the indictment." *Id.* at p. 38. Specifically, Petitioner asserts the lab report identified only 23.19 grams of crack cocaine, in contrast to the 28 grams or more alleged in the indictment. *Id.* at pp. 38–40, 47. However, as indicated above, Petitioner did not plead guilty to the drug weights charged in the indictment; he pled guilty to the *lesser included offense* of Count Two (i.e., *less than* 28 grams of crack cocaine), and therefore a factual basis did support his plea. *See generally* Fed. R. Crim. P. 11(b)(3). Moreover, in August 2014 (before Petitioner pled guilty), plea counsel wrote Petitioner a letter addressing Count Two and informing him "the amount of crack provable in your case is just *under* 28 grams." ECF No. 99-4 (emphasis added). Thus, plea counsel recognized the drug weight charged in the indictment differed from that actually possessed by Petitioner, and counsel subsequently secured a plea offer for the lesser offense. Petitioner has not shown that counsel was deficient or that he was prejudiced.

In sum, Petitioner has not established that plea counsel rendered ineffective assistance, and therefore the Court will deny his § 2255 motion.

## **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28

---

[10] Petitioner has submitted a copy of the lab report. *See* ECF No. 91-5.

U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's motion for summary judgment [ECF No. 102] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 91]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
June 15, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge